JOHN B. HOWARD, Sheriff *v.* W. W. FRAZIER.

**Attachment — Writ Void When Issued and Executed Without Bond.**

A writ of attachment which has been issued and executed before bond has been given is void, and it is not cured by subsequent execution of a bond.[1]

I. C. Levy sued out a writ of attachment against appellee, W. W. Frazier, which was placed in the hands of the sheriff, and

---

1
The 14th section of the Act of 1822, H. & C., p. 801, prescribes a form for the attachment bond in so many words; the 8th section directs also what shall be in the condition of the bond, and specifically includes a stipulation to pay the costs, which is omitted in the form set out in the 14th section;

it was by him levied on a wagon and four yoke of oxen belonging to Frazier. No bond had been given when the attachment was issued and executed, but afterwards a bond was given and approved by the justice of the peace who issued the writ. Frazier made demand on the sheriff for a release of the property levied on. His demand was refused. He sued out a writ of replevin to recover the property in the justice of the peace court. From a judgment against him in that court he appealed to the Circuit Court, where he recovered a judgment, and the defendant appeals.

On the trial plaintiff proved the wagon and oxen belonged to him and that he had a right to their possession. To maintain his

*Held*, That if the form prescribed in the 14th section be followed it will be sufficient. McIntyre *v.* White, 5 How. 298; Amos *v.* Allnutt, 2 S. & M. 215; Prosky *v.* West, 8 S. & M. 711.

An attachment issued without bond or affidavit is void, and a judgment in such case against the garnishee on his answer will be set aside. Ford *v.* Woodward, 2 S. & M. 260.

And if the bond be not given by the plaintiff or his agent, it is void; and a bond without security, signed by a third party not shown to be an agent, is void. Ford *v.* Hurd, 4 S. & M. 683.

If an attachment be brought in the name of one for the use of another, the latter is the real plaintiff and must give the bond. Grand Gulf Railroad & Banking Co. *v.* Conger, 9 S. & M. 505.

It is not necessary that an attachment bond be signed with the full christian names of the obligators; their initials, with the surnames in full, will do. Baldwin *v.* Conger, 9 S. & M. 516.

The plaintiff in attachment was a corporation. The obligators in the bond are stated to be the corporation, J. B. and A. H., and it is stated in the bond that it was sealed with their seals. This means the corporate seal of the corporation, as it has no other. G., as secretary of the company, countersigned the bond, to which was attached a scroll indicating the *locus sigilli.* A. H. signed his name twice, once opposite the *locus sigilli,* and then after J. B., and opposite a scroll as a private seal; *Held,* That it sufficiently appeared from these facts that A. H. had signed as president of the corporation, and that the bond was duly executed by it. Saunders *v.* Columbus Life Ins. Co., 43 Miss. 583.

The bond is good, though it omits to state that the writ was issued by a justice of the peace *of this State,* if it can be gathered from the whole record, that it was issued by a proper officer. Steamer General Worth *v.* Hopkins, 30 Miss. 703.

In Mississippi a bond is not required as a condition precedent to the issuance of an attachment against the property of a non-resident debtor. Baird *v.* Georgia Pac. Ry. Co., 12 So. 547. See Code 1880, § 2416; Code 1892, § 130; Code 1906, § 134.

right of possession the sheriff offered in evidence the attachment writ and proceedings of the court in that case. Plaintiff objected to the introduction of this evidence. The court sustained the objections, holding that the attachment writ was void.

APPEALED from Circuit Court, Marshall county, J. W. C. WATSON, Judge.

Affirmed, January 13, 1882.

*Attorneys for appellant, Featherston & Harris.*

*Attorneys for appellee, Watson, Watson & Smith.*

Brief of Featherston & Harris:

The great error committed by the circuit judge. on the trial of this case was the exclusion from the jury of the record from J. W. Fant's court, including the attachment for rent sued out by I. C. Levy against said W. W. Frazier, the affidavit on which it was sued out, and the action of the magistrate, J. W. Fant, thereon. This record, if it had been admitted, would have presented a complete defense to this action.    *    *    *

The last objection to the competency of that record is, that the attachment bond was not given until after the attachment writ had been signed and handed to the sheriff. This we admit to be true. Levy, the landlord, finding Frazier, the tenant, in Holly Springs with his wagon and oxen, feared that he might get away and applied to Fant for the writ in a hurry. The proper affidavit was made, the writ was issued and handed to the officer, and a few minutes after this was done the bond was taken and approved by Fant and filed with the papers. It was not an hour or two after the writ was issued before the bond was given, but the papers were all signed in a few minutes. Fant says that, although the writ was signed first, the signing of the papers was all one transaction, and he and the makers of the bond so regarded it. The bond was taken by the proper officer, approved and filed with the papers. Who doubts its validity? Could the obligors avoid a recovery on it? None will assume such a position. The statute evidently contemplates that a bond shall be given before the writ of attachment issues, but it does not say in terms that this shall be done. See

Code 1880, §§ 2416, 2418. This provision of the statute, however, is merely directory and not mandatory. But where the affidavit, bond and the attachment are signed so nearly at the same time as to form one transaction (as was done in this case), there is no first and no last, but one common whole, of which the signature to each paper forms a part.

It is immaterial which of the papers is signed first, if all were signed at the same time and formed one transaction. *"De minemis non curat lex."*

But in this case Levy would have been liable to Frazier for all the damages which he sustained in consequence of the writ of attachment without a bond. The bond was only required by the statute to strengthen Frazier's security for damages, in the event the attachment should be wrongfully sued out. In this case Levy and Ash, his surety, are both clearly liable, as has been settled by this court. State v. Fortinberry, 54 Miss. 321, and cases cited.

Frazier has not been damaged or injured by the mode in which these papers were signed. He has all the securities he could have had under any circumstances. The attachment law must be construed in the most liberal manner for the detection of fraud, the advancement of justice, and the benefit of creditors. Code 1880, § 2476.

In this case the debt of Levy for the rent is not denied, nor is it pretended that it has been paid, but Frazier seeks to avoid payment by insisting that the attachment law has not been *literally* complied with in suing out the papers.

We submit, therefore, that the Circuit Court was clearly and unmistakably wrong in ruling out this record, including the affidavit, the writ and other papers from Fant's court. By its action in so doing the defendant was cut off from all defense to this action of replevin. * * *

Brief of Watson, Watson & Smith:

* * * The writ of attachment issued by Fant had been issued and levied without Levy's having given any bond. In other words, the plaintiff offered in evidence, to justify his possession of Frazier's property, a writ of attachment, which had been issued without affidavit or bond, and (treating it as an attachment for rent) by a court having no jurisdiction of the subject-matter. By consent the court took cognizance of the above state of facts upon

an objection to the introduction of the writ as evidence.  The writ was void, and being so was manifestly *not* evidence.

It was void as an ordinary writ of attachment (which it was) because, first, there was no affidavit; second, there was no bond. See Dudley *v.* Harvey, Opinion Book K, p. 265; Ford *v.* Woodward, 2 S. & M. 260; Ford *v.* Hord, 4 S. & M. 683.

It was void as an attachment for rent (which appellant attempted to make it after we replevied) because, first, there was no bond; second, there was no writ; third, there was no affidavit that the land which Frazier had rented lay in Marshall county, where he sought the writ, and as a matter of fact it lay in Benton county.

\*   \*   \*

A void writ is not evidence of right of possession.  A void writ is not an attachment writ, and therefore we were not prohibited by section 2633 from bringing and maintaining replevin.

OPINION.—CAMPBELL, J.:

The attachment having been issued and executed without a bond given beforehand by the lessor was void, and did not authorize the seizure and detention of the articles sued for in this action.  The execution of a bond, and its approval by a justice of the peace subsequent to the issuance and execution of the writ, did not cure the fatal defect of the issuance without a bond as required by law. It was incurably bad.

*Judgment affirmed.*